UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wells Fargo Bank, N.A., successor to Wachovia Bank, N.A., *fka* First Union National Bank,                          Plaintiff, <br><br>vs. <br><br>Eddie D. Hunt; <br>Teresa Hunt, *aka* Teresa T. Hunt; <br>United States of America, *acting by and through its agency, Internal Revenue Service*; <br>M.C.M. Associates, Inc., *dba* ServPro of Southeast Greenville, <br><br>                         Defendants. | C/A No. 6:13-1333-MGL-KFM <br>[in Re: Case No. 2012-CP-23-7792] <br><br>**Report and Recommendation** |

The above-captioned mortgage foreclosure case has been removed by Defendants Eddie Hunt and Teresa Hunt, who are *pro se* litigants, from the Court of Common Pleas for Greenville County. Under Local Civil Rule 73.02 DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. Defendants Eddie Hunt and Teresa Hunt contend that this district court has federal question jurisdiction because of preemption.

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held

that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *see also In re Blackwater Sec. Consulting*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

Applicable case law and statutory law, including 28 U.S.C. § 1447, provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court should still remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.

An affirmative defense based on federal law is not a basis for removal. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (affirmative preclusion defense resting on prior federal judgment is not a basis for removal). Although Defendants Eddie Hunt and Teresa Hunt contend that Plaintiff's claims are preempted, preemption is a defense that can be raised in the Court of Common Pleas and in any appellate court in the State of South Carolina's unified judicial system. *See*, *e.g.*, *Priester v. Cromer*, 401 S.C.

38, 736 S.E.2d 249, 260 (2012) ("Accordingly, we find Appellant's state tort suit requiring laminated glass would stand as an obstacle to significant federal safety objectives and is therefore preempted."); *cf. Payne v. Grossman*, Civil Action No. 6:12-2939-DCN-KFM, 2012 WL 5989775, at *1 (D.S.C. Oct. 23, 2012) ("Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."), *adopted by* 2012 WL 5989843 (D.S.C. Nov. 30, 2012).

The above-captioned case should be remanded to the Court of Common Pleas because all Defendants have not joined in the Notice of Removal, or otherwise apprised this Court that they consent to the Notice of Removal. Two Defendants, the United States and M.C.M. Associates, Inc., have not joined in the Notice of Removal or otherwise apprised this Court of their consent to the removal. Removal "requires the consent of all defendants." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002), which is cited in *Stasio v. Saxon Mortg. Servs. Inc.*, Civil Action No. 2:12-2797-DCN, 2013 WL 1787041, at *2–3 (D.S.C. Apr. 26, 2013) (unanimity required for removals under the diversity statute); *see also Brown v. Cribb*, Civil Action No. 5:13-71-CMC-KDW, 2013 WL 1181500 (D.S.C. Feb. 26, 2013) (civil rights action; unanimity required for cases removed on the basis of "federal question" jurisdiction), *adopted by* 2013 WL 1181496 (D.S.C. Mar. 21, 2013). Moreover, the Certificate of Service filed by Defendants Eddie Hunt and Teresa Hunt indicates that they have served or will serve Plaintiff, but not the other Defendants (ECF No. 1, at page 3).

### *Recommendation*

It is recommended that the above-captioned case be remanded to the Court of Common Pleas for Greenville County. Such a remand would be *without prejudice* to the right of the United States to remove this case pursuant to 28 U.S.C. § 1444 or 28 U.S.C. § 2410. The attention of the parties is directed to the important Notice on the next page.

May 21, 2013  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).