IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wells Fargo Bank, N.A., successor to Wachovia Bank, N.A., *fka* First Union National Bank, </br></br>         Plaintiff, </br></br> vs. </br></br> Eddie D. Hunt, *et al.*, </br></br>         Defendants | </br></br></br></br></br></br> Civil Action No. 6:13-1333-MGL-KFM </br></br></br> **ORDER** |

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a mortgage foreclosure action against mortgagors Eddie D. Hunt and Teresa Hunt ("the Hunt Defendants") as well as subordinate lien or junior interest claimants, Defendant United States of America and Defendant M.C.M. Associates, in the Court of Common Pleas for Greenville County, South Carolina, on December, 10, 2012. (Doc. # 1-1). The Hunt Defendants were served by publication on January 17, January 24, and January 31, 2013. (Doc. # 17-1). On May 16, 2013, the Hunt Defendants removed the action to this Court on the asserted basis of federal question jurisdiction. (Doc. # 1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kevin F. McDonald, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that the case be remanded to the Court of Common Pleas for Greenville County. (Doc. # 7). The Hunt Defendants filed an Objection to the Report, (Doc. # 11), to which the Plaintiff replied. (Doc. # 17).

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Hunt Defendants' Objection. Having reviewed the Report as well as the Objection thereto, the Court **ACCEPTS** the Report. (Doc. # 7). The Hunt Defendants have not established that either their asserted affirmative defense of federal preemption or their federal counterclaim, contemplated in their Notice of Removal and pled following the issuance of the Report, provide an adequate basis for removal under 28 U.S.C. § 1331. Nor have the Hunt Defendants adequately demonstrated compliance with the procedural requirements of the removal statute, which requires both removal within thirty (30) days of service of the complaint and the consent of all properly served defendants in the state court action. 28 U.S.C. § 1446(b)(2).

The matter is hereby remanded to the Court of Common Pleas, Greenville County, South Carolina, and the Clerk of this Court is directed to mail a certified copy of the Order of Remand to the Clerk of the Court of Common Pleas for Greenville County. This remand is *without prejudice* to the right of the United States of America to remove this case pursuant to 28 U.S.C. § 1444 or § 2410. All pending motions in this case, (Docs. # 13 and # 20), are terminated as **MOOT**.

**IT IS SO ORDERED**.

    s/Mary G. Lewis
United States District Judge

November 22, 2013
Spartanburg, South Carolina